United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-41121
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEPHEN RAY RIVKIN

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-41-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Stephen Ray Rivkin appeals his conviction and sentence imposed following his jury conviction on one count of possession of a firearm by a felon and one count of possession of a firearm by an unlawful user of a controlled substance. We affirm.

Rivkin contends that the evidence was insufficient to prove that the guns he possessed had been in interstate commerce. When the sufficiency of the evidence has been contested in a Rule 29 motion in the district court, we review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sufficiency of the evidence to determine "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt." United States v. Kay, 513 F.3d 432, 452 (5th Cir. 2007) (internal quotations and citation omitted), cert. denied, 129 S. Ct. 42 (2008). The evidence is viewed in the light most favorable to the government, and all reasonable inferences and credibility choices are made in support of the verdict. Id.

In his motion for acquittal, Rivkin did not assert that the government had failed to prove that the firearms in question had traveled in interstate commerce. He has thus waived his objection to the sufficiency of the evidence on that element. See United States v. Herrera, 313 F.3d 882, 884 (5th Cir. 2002). Consequently, his claim that the evidence was insufficient to establish an interstate nexus for the firearms is reviewed only to determine whether "the record is devoid of evidence pointing to guilt." Id. at 885. His claim fails under any standard.

An agent of the Bureau of Alcohol, Tobacco, and Firearms (BATF) testified that he was trained as an expert in the interstate commerce of firearms and that, based on the names of the manufacturers marked on the guns identified in the indictment, they had traveled in interstate commerce. As this testimony was unchallenged, we view it in the light most favorable to the verdict. In that perspective we conclude that the evidence was sufficient to enable any reasonable juror to conclude that the guns had traveled in interstate commerce before coming into Rivkin's possession.

Rivkin also contends that the government failed to prove that he was a user of controlled substances. He asserts that his former girlfriend's testimony to that effect was "completely unreliable." As this contention was made in the district court, we review it to determine whether a rational juror could have found this fact beyond a reasonable doubt. See Kay, 513 F.3d at 452. The jury evidently believed the ex-girlfriend, and we review the jury's credibility choices in the light that supports the jury verdict. See id. Moreover, a BATF agent

testified that Rivkin admitted being a marijuana user. Any reasonable juror could have found that Rivkin had illegally used controlled substances.

Rivkin contends further that the district court erred when it declined to reduce his offense level on grounds that his firearms were possessed solely for lawful collection or sporting purposes. Section 2K2.1(b)(2) of the advisory Sentencing Guidelines provides for a base offense level of six if a defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." § 2K2.1.(b)(2). We review the court's factual finding that a gun was not possessed solely for a legitimate sporting purpose for clear error. Rivkin was required to show his entitlement to the lower offense level by a preponderance of the evidence. United States v. Shell, 972 F.2d 548, 550 (5th Cir. 1992); see United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

The sentencing court found Rivkin to be incredible in light of evidence showing that several guns were loaded and accessible and that one gun was under a mattress. Although Rivkin asserted that some of the guns were for hunting, he conceded that he did not own a hunting license The district court did not commit clear error by finding that Rivkin was incredible or that not all of the guns were possessed for lawful sporting purposes or collecting. See Shell, 972 F.2d at 553.

Rivkin next contends that his offense level should not have been increased for obstruction of justice. Section 3C1.1 of the Guidelines provides for a two-level increase in the offense level if "the defendant willfully . . . attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." § 3C1.1. Examples of obstruction include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly,

or attempting to do so." Id., comment. (n.4(a)). We review determinations of obstruction of justice for clear error. United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).

Prior to trial, Rivkin sent an email to a third party asking her to tell his former girlfriend to contact him. Rivkin knew that his former girlfriend had alerted the police about his drug and weapon possession and that she would be a witness for the government. The district court found that Rivkin had threatened the girlfriend in the past and that she was extremely frightened to know that Rivkin was trying to contact her. The court concluded that "there was enough evidence to show an attempt to obstruct justice in trying either to contact this witness or let it be known that there was an intention to do so in an effort to intimidate the [witness]." As the court's conclusion was plausible in light of the record as a whole, it was not clearly erroneous. See Huerta, 182 F.3d at 364.

Rivkin has shown no reversible error in his conviction or sentence. The judgment of the district court is, in all respects,
AFFIRMED.